IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


GARY PADGETT,                               :

      Plaintiff,                          :

vs.                                         :     CIVIL ACTION 04-0784-WS-C

WILLIAM WHEAT, et al.,                      :

      Defendants.                         :


## REPORT AND RECOMMENDATION

      Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed his amended complaint (Doc. 15), which the undersigned is treating as a motion to amend the complaint (hereinafter "motion").  This motion has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  It is recommended that plaintiff's motion be denied.[1]

      In the motion, plaintiff asserts that he is bringing his amendment pursuant to Rules 15(a) and 19(a) of the Federal Rules of Civil Procedure for events that transpired from March 30, 2006 to April 4, 2006 at the Washington County Jail.[2]  Plaintiff, who is

---

[1]In the motion's caption, plaintiff includes "jury trial demand."  Plaintiff's request is **MOOT** because plaintiff previously demanded a jury in his complaint.  (Doc. 1)  *See* FED.R CIV.P. 38.

[2]The undersigned is unable to discern the basis for Rule 19(a)'s applicability because joinder of new party is not sought by plaintiff.  Thus, further discussion of Rule 19(a) is not warranted.

handicapped and suffers from diabetes, was transferred from Easterling Correctional Facility to the jail with his medications.  Plaintiff complains that the jail's conditions are the same conditions when he was there before, which are the conditions that form the basis for his initial complaint.  Then, plaintiff refers once to Doris Weaver, who is already a defendant, because she is the head jailer who allegedly gave him medication wrapped in a napkin with his name on it when she is not qualified to administer medication.  And then he refers to "the defendants" as not having "implemented any diabetic feeding program or replacement meals."  These are the only references to any defendant.

As for the complained of conditions, plaintiff alleges that he is wheelchair-bound and did not have a handicap-accessible bathroom and an eating and sleeping area while at the jail.  However, plaintiff was able to shower with the assistance of inmates and by sitting on a bucket, and was able to straddle the toilet.  The jail, plaintiff maintains, still lacks officers and officers who are properly trained, and is overcrowded, all of which create a breeding ground for predators.  Furthermore, plaintiff avers that his blood was not tested during his stay so he would know whether he was taking the correct dosage of his diabetic medication.  Plaintiff, however, has not alleged an injury connected to his six-day stay at the jail, nor has he requested any relief.

The initial complaint is based on plaintiff's stay at the jail from October, 2002 through March, 2003, and concerns inadequate medical care and the lack of protection, handicap facilities, and a diabetic diet at the jail.  (Doc. 1)  It was filed against Sheriff William Wheat; County Commissioners Johnny Johnson, Alan Bailey, William Beasley,

2

Hilton Robbins, and Willie Dixon; Doris Weaver;[3] Jimmy Moss; and Daisy Sleets.[4]

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." FED.R.CIV.P. 15(a). Leave to amend is granted unless there is a significant reason for the amendment's denial. *Pioneer Metals, Inc. v. Univar USA, Inc.,* 168 Fed. Appx. 335, 337 (11th Cir. 2006). Permissible reasons justifying denial are "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . .[, and] futility of amendment.'" *Id.* (quoting *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227 (1962)). In addition, in a prisoner action the Court is required to screen a prisoner complaint, and by extension a motion to amend the complaint, in order to determine, *inter alia,* if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) (finding that the language of § 1915(e)(2)(B)(ii) tracks the language of Rule 12(b)(6)); *see Hishon v. King & Spaulding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984) (Rule 12(b)(6) standard). If the motion to amend fails to state a claim, the motion will be denied

In the initial complaint, filed on December 10, 2004, the complained of events occurred from October, 2002 through March, 2003. Whereas, the events described in the amended complaint, filed on June 30, 2006, occurred from March 30 to April 4, 2006.

---

[3]Doris Weaver's affidavit states that she was incorrectly identified as Doris Reaver in the complaint. (Doc. 12, Ex. B)

[4]The claims against defendants Moss and Sleets have been recommended for dismissal.

Much time has elapsed between plaintiff's two stays at the jail, more than three years, so his stays do not arise from the same "conduct, transaction, or occurrence." FED.R.CIV.P. 15(c). Consequently, the events contained in the amendment should be brought in a separate action. *Cason v. Seckinger,* 231 F.3d 777, 787 (11th Cir. 2000) (affirming the denial of an amendment to add ADA and Rehabilitation Act claims eleven-and-one-half years after the § 1983 prisoner action had been filed and five years after Supreme Court had held these type of claims may be brought in such an action and noting that plaintiffs' claims may be brought in a new lawsuit). Even though the filing of the amendment nineteen months after filing the complaint is not an inordinate lengthy period of time, this action is coming before the Court for final disposition in the near future. *Rhodes v. Amarillo Hosp. Dist.,* 654 F.2d 1148, 1153-54 (5th Cir. Sept. 4, 1981) (affirmed the denial of an amendment that was filed thirty months after the complaint's filing and three weeks before trial).[5] The allowance of an amendment at this time will therefore unduly delay this action's disposition.

Furthermore, an examination of the pleading of the amendment indicates that it is deficient. Only defendant Weaver is specifically mentioned. The allegation directed toward her is for giving plaintiff his medication in a napkin, with plaintiff contending that she is unqualified to administer medicine. In order to establish a violation of the Eighth

---

[5]The Eleventh Circuit in *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

4

Amendment in a medical context, plaintiff must allege "acts or omissions sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292 (1976).  Plaintiff's allegation does not reflect a deliberate indifference by defendant Weaver and, therefore, a claim for a violation of his constitutional rights is not stated against defendant Weaver. Consequently, to allow plaintiff to amend his claim against defendant Weaver would be futile because the claim is subject to dismissal.

In regard to plaintiff's other claims in the amendment, he has not connected them to specific defendants.  In a § 1983 action, a plaintiff must establish a causal connection between a defendant's actions, orders, customs, policies, or breach of statutory duty and a deprivation of the plaintiff's constitutional rights in order to state a claim upon which relief may be granted.  *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett,* 689 F.2d 1370, 1380 (11th Cir.), *cert. denied*, 464 U.S. 932 (1983). In the present action, plaintiff's absence of a reference to another specific defendant has precluded him from establishing the required causal connection for a § 1983 action. Thus, plaintiff has failed to state claim upon which relief may be granted on his other claims in the amendment.  Because plaintiff's other claims are subject to dismissal, it would be futile to allow plaintiff's amendment.

Based upon the foregoing reasons, it is recommended that plaintiff's motion to amend the complaint (Doc. 15) be denied.  *Halliburton & Assoc. v. Henderson, Few & Co.*, 774 F.2d 441, 444 (11th Cir. 1985) (holding that an amendment should be denied as

5

futile when it is subject dismissal).

The attached sheet contains important information regarding objections to the

Report and Recommendation.

**DONE** this 21st day of November, 2006.


s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.       *Objection*.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.       *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE