THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GARY PADGETT,                          :

    Plaintiff,                     :

vs.                                    :     CIVIL ACTION 04-0784-WS-C

WILLIAM WHEAT, et al.,                 :

    Defendants.                    :

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 together with a motion to proceed without prepayment of fees. This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the Court for plaintiff's failure to comply with the Court's order and to prosecute his claims against defendants Jimmy Moss and Daisy Sleets. (Doc. 14)

In reviewing its file, the Court found that defendants Moss and Sleets had not appeared in this action and that defendants advised in their special report that a person by the name of Jimmy Moss had never been employed by Washington County or its Sheriff's Department and that Daisy Sleets died on December 16, 2004. (Doc. 12 at 4-5; Ex. C). The defendants asked that these two unserved defendants be dismissed from this

action.  (*Id.* at 5)  Therefore, the Court entered an order on May 24, 2006 ordering plaintiff to take whatever action he contemplated taking against these two defendants on or before June 20, 2006.  (Doc. 14)  Plaintiff was warned that if he failed to take any further action in regard to his claims against these defendants within the prescribed time, his claims against defendants Moss and Sleets would be dismissed from this action for failure to prosecute and to obey the Court's order.  Plaintiff has not taken any action against these defendants.

Accordingly, the undersigned finds that plaintiff has failed to obey the Court's order and has abandoned the prosecution of his claims against defendants Moss and Sleets.  Upon consideration of the alternatives are available to the Court, it is, therefore, recommended that the claims against defendants Moss and Sleets be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.  *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)(interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op,* 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Hildebrand v. Honeywell, Inc.,* 622 F.2d 179, 181 (5th

Cir. 1980).[1]  *Accord Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1545-46 (11th Cir. 1993) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), *cert. denied*, 510 U.S. 863 (1993).

The attached sheet contains important information regarding objections to this Report and Recommendation.

**DONE** this 21st day of November, 2006.

>s/WILLIAM E. CASSADY
>**UNITED STATES MAGISTRATE JUDGE**

---

[1] The Eleventh Circuit in *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.     *Objection*.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

     A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.     *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

s/WILLIAM E. CASSADY<br>
UNITED STATES MAGISTRATE JUDGE